Filed 9/3/24  P. v. Hicks CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B335462 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA107345) |
| v. | |
| BRUCE WAYNE HICKS, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Bruce Wayne Hicks appeals from his conviction by plea of evading a police officer. (Veh. Code, § 2800.2.) His appellate counsel found no arguable issues to raise on appeal and filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After independently reviewing the record, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

During a preliminary hearing, the following facts were adduced. Defendant walked out of a supermarket with a shopping cart full of groceries without paying for them. When a store manager questioned him, defendant told the employee to "back off or [he would] shoot" the employee. As defendant spoke, he moved his hand "across [his] belt front to back," which indicated to the employee that defendant had a weapon. Defendant got into a vehicle that did not have a license plate and drove away. The employee called 911 and reported the incident. After a police officer attempted to initiate a traffic stop of defendant's vehicle using his patrol car's sirens and red lights, defendant drove onto a freeway and drove his vehicle at speeds more than 100 miles per hour. The pursuit ended about five miles after it began when defendant stopped his car in the middle of a freeway.

On April 5, 2023, the district attorney filed an information charging defendant with one count of robbery (Pen. Code, § 211), and one count of evading a peace officer (Veh. Code, § 2800.2). The information further alleged that defendant had a prior strike conviction for robbery. (Pen. Code, §§ 667, subds. (b)–(j), 1170.12.)

On August 7, 2023, defendant filed a petition for mental health diversion under Penal Code section 1001.36 on the ground that he suffers from a bipolar disorder and substance use disorder. After a hearing held on September 11, 2023, the court determined that defendant is not eligible for mental health diversion and denied the petition.

Defendant and the district attorney thereafter entered into a plea agreement. Pursuant to the agreement, defendant pleaded guilty to count 2—evading a peace officer—and admitted the prior strike conviction. The court accepted the plea and found defendant guilty of count 2.

In accordance with the plea agreement, the court sentenced defendant to prison for four years. The sentence was based upon the middle term of two years (Pen. Code, § 18, subd. (a); Veh. Code, § 2800, subd. (a)), which the court doubled as a result of the prior strike (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). Defendant received 480 days of combined actual custody and good time credits. The court further ordered certain statutory fines and assessments. (Pen. Code, §§ 1202.4, subd. (b), 1202.45, subd. (a), 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).)

Defendant filed a notice of appeal. His notice states that the "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." (See Cal. Rules of Court, rule 8.304(b).)

## DISCUSSION

Defendant's counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, stating that counsel reviewed the entire record on appeal and found no arguable issues to raise on appeal. Counsel requested we independently review the record to determine whether there are any arguable issues. Counsel provided defendant with a copy of the *Wende* brief and the transcripts of the record on appeal, and informed him of his right to file a supplemental brief. On June 17, 2024, this court also informed defendant that he may, within 30 days, "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes this court to consider." Defendant did not file a supplemental brief.

We are satisfied that Hicks's counsel has fully complied with his responsibilities. (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 119 (*Kelly*).)

We have reviewed the record and find no arguable issues on appeal. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



KELLEY, J.*

---

    **\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.